IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIJENDRA SINGH,

    Petitioner,

v.

ERIC HOLDER, JR., et al.,

    Respondents.
                                              /

No. C 09-03012 JSW

**ORDER TO SHOW CAUSE**

On February 25, 2010, this Court denied a petition for writ of habeas corpus filed by Vijendra Singh. On March 31, 2011, the Ninth Circuit affirmed in part, vacated in part, and remanded this matter, and it directed the Court to grant the writ and order Singh's release unless within 45 days of this Court's Order, respondents provide Singh a new *Casas* hearing applying the standards set forth in the Ninth Circuit's opinion. *See Singh v. Holder*, 638 F.3d 1196, 1212 (9th Cir. 2011). On January 5, 2012, the Court received the Ninth Circuit's mandate.

On that same date, the Court issued an Order, pursuant to the Ninth Circuit's directions, in which it granted Singh's petition and ordered Respondents to release Singh, unless within 45 days of this Order, they provide Singh a new *Casas* hearing applying the standards set forth in the Ninth Circuit's opinion. The Court also directed Respondents to file a notice with this Court advising the Court whether they have released Singh or whether they intend to provide him a new *Casas* hearing.

On January 10, 2012, Respondents filed the notice required by the Court's January 5, 2012 Order. In that notice, they advised that Singh had been lawfully removed to Fiji in July 2011. Thus, Respondents advised the Court that Sing "is no longer in custody and Respondents

cannot provide [Singh] with a *Casas* hearing in accordance with this Court's Order." (Docket No. 33, Notice at 1:23-26.)

In light of this notice, the parties are HEREBY ORDERED TO SHOW CAUSE why the Court should not modify its January 5, 2012 Order as follows: "The Court HEREBY GRANTS Singh's petition, in light of the Ninth Circuit's ruling," and enter judgment in favor of Singh and against Respondents.[1] The Court FURTHER ORDERS the parties to meet and confer on this issue and to submit a joint response to this Order to Show Cause by no later than February 17, 2012. If the parties are unable to agree, they may set forth their respective positions in the joint response required by this Order.

**IT IS SO ORDERED.**

Dated: January 30, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court will not revisit the mootness issue, in light of the Ninth Circuit's decision to deny Respondent's motion to remand with instructions to dismiss the case as moot.